IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Theresa McKinney, | : | |
| Plaintiff | : | Civil Action 2:13-cv-00863 |
| v. | : | Judge Marbley |
| CVS Caremark Corporation, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

**Report and Recommendation**

This matter is before the Magistrate Judge on plaintiff Theresa McKinney's September 12, 2013 motion to remand (doc. 7).

**I.   Allegations in the Complaint**

The complaint makes the following allegations. From 2004 until she was terminated March 23, 2012, plaintiff Theresa McKinney was employed by defendant CVS as a Regional Loss Prevention Manager. (September 3,2013 Complaint, ¶ 16.) In February 2007, McKinney was diagnosed with Multiple Sclerosis. (*Id.*, ¶ 19.) During 2008, she requested transfers to CVS's Cleveland office. She was not transferred. (*Id.*, ¶¶ 22 and 25-29.) On or around December 18, 2009, McKinney asked her supervisor, defendant Don Dugger, to accommodate her disability by providing her with a modified vehicle for her to drive to the stores in her region. (*Id.*, ¶¶ 30-32.) After several inquiries, Dugger and defendant Susan Vandersall, a human resources officer, held a telephone conference with McKinney. (*Id.*, ¶ 33.) Vandersall told McKinney that if she did not feel

safe driving the regular company vehicle due to her disability then she should just "go on leave." (*Id.*, ¶ 34.) McKinney responded that she did not want to go on leave, and she repeated her request for a modified vehicle. (*Id.*, ¶ 35.) She further said that if CVS refused to get her a modified vehicle, it should give her a stipend so she could purchase her own modified vehicle. (*Id.*, ¶ 36.) Vandersall began reading the job description for Regional Loss Prevention Manager and asking McKinney whether she could meet the requirements of her job. (*Id.*, ¶¶ 37-40.) Vandersall said that McKinney would have to "step down" if she could not lift 25 pounds and walk up and down stair. (*Id.*, ¶ 42.) In July 2010, CVS gave McKinney the stipend that she requested as an alternative, secondary accommodation. (*Id.*, ¶ 44.) Later McKinney was supervised by defendant Christopher Knight. (*Id.*, ¶ 45.) McKinney was unable to attend some important meetings, and she asked Knight to arrange for her to attend by WebX conference. But he never arranged for her to do so, causing her to miss the meetings. (*Id.*, ¶¶ 54-66.)

    II.    **Arguments of the Parties**

        A.    **Plaintiff's Theresa McKinney**

Plaintiff argues that defendants improperly removed this case because defendant Susan Vandersall was not fraudulently joined. Vandersall, who is an Ohio resident, was named because as Director of Human Resources, she directly participated in the decision-making process and subsequent denial of plaintiff's requested accommodations. The complaint also alleges that Vandersall made discriminatory comments to McKinney regarding her disability.

Plaintiff maintains that defendants face a heavy burden to establish fraudulent joinder. To demonstrate fraudulent joinder, the removing party must demonstrate there is no possibility that plaintiff will be able to establish a cause of action against the non-diverse defendant in state court. Moreover, a plaintiff's motive in joining a defendant is immaterial, and all doubts are resolved against removal. The court must determine whether there is a reasonable basis for liability under the applicable state law.

Plaintiff argues that under Ohio law, an employee may properly bring a cause of action against her supervisor, manager or qualified management- level employee for violations of Ohio Revised Code Chapter 4112. Plaintiff relies on *Somerville v. SPS Technologies, LLC*, 2009 WL 936955 (N.D. Ohio April 3, 2009). Plaintiff also maintains that Vandersall could be found liable on her claim for intentional infliction of emotional distress.

### B. Defendants

Defendants argue that by introducing allegations in her motion to remand that do not appear in her complaint, plaintiff has demonstrated that her complaint alleges no wrongdoing by Vandersall that states a colorable claim for failure to accommodate under section 4112.02 of the Ohio Revised Code. According to defendants, the allegations in plaintiff's complaint are insufficient for the Court to infer that Vandersall played a direct role in discriminatory conduct against plaintiff.

Defendants maintain that plaintiff has conceded that she has no colorable against Vandersall as to her claims for disparate treatment, wrongful termination, and retalia-

3

tion. To have a colorable claim against an individual, the individual must be a manager or supervisor and must have played a direct role in making the allegedly discriminatory employment decisions. The complaint contains no allegations that Vandersall had any connection or played any role in any alleged disparate treatment, retaliation, transfer decisions or the termination of plaintiff's employment.

With respect to plaintiff's claim for failure to accommodate, defendants maintain that plaintiff only alleges having one conversation with Vandersall. In that conversation, Vandersall inquired as to whether McKinney could perform the essential functions of the job thereby engaging in the legally required interactive process. The complaint does not allege, however, that Vandersall made any decision to deny any accommodations to plaintiff, which is the alleged adverse action. Because of her deficiencies in the complaint, plaintiff recites factual allegations in her motion that are not in her complaint.  For instance, defendants maintain that the complaint fails to assert that Vandersall participated in the accommodation decision-making process.

Defendants argue that there are critical differences between this case and *Somerville v. SPS Technologies, LLC*, upon which plaintiff relies. In *Somerville*, the plaintiff provided evidence from which the court could infer that the individual defendant participated in the challenged decisions, while the defendant testified that he did not participate in the decision-making process. Here, there is no conflicting evidence that the court is required to construe against removal. Defendant further argues that plaintiff only alleges that CVS did not provide her with the modified vehicle stipend until July 2010.

4

The complaint does not allege that Vandersall failed to grant her the accommodation or that she played a direct role in causing any delay. Plaintiff does not allege that the elapse of time prior to plaintiff receiving the stipend was unreasonable, which is required to state a claim when an accommodation is ultimately provided. Defendants maintain that any delay was reasonable based on the fact that plaintiff was still able to perform her job without the accommodation.

Defendants argue that plaintiff has also failed to allege any facts stating a colorable claim of intentional infliction of emotional distress against Vandersall. Plaintiff merely recites the elements of intentional infliction of emotion distress. Under Ohio law, conduct giving rise to an intentional infliction of emotional distress claim must be so outrageous in character and beyond all possible bounds of decency that is utterly intolerable in a civilized community. The allegations that Vandersall had a conversation with plaintiff regarding potential accommodations and her ability to perform the essential functions of her job do not state a colorable claim. These allegations are nothing more than a claim for employment discrimination, and under Ohio law, a termination of an employee based on discrimination does not rise to the level of extreme and outrageous conduct without proof of something more.

### III. Discussion

A civil case brought in state court may be removed to federal court only when the plaintiff could have filed suit in federal court in the first place. 28 U.S.C. § 1441. If a case has been improperly removed, the action must be remanded, and the order "may

require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

A case may be removed under § 1441(b) where there is complete diversity of the parties at the time of removal. All parties on one side of the litigation must have different citizenship from all parties on the other side of the litigation. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir.1999). "When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." *Casias v. Wal–Mart Stores, Inc.*, 695 F.3d 428, 432 (6th Cir. 2012) (quoting *Jerome–Duncan, Inc. v. Auto–By–Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999)). In order to prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. *Coyne*, 183 F.3d at 492–93 (citing *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir.1994)). The party seeking removal bears a heavy burden of proving that joinder of a party is fraudulent:

> [I]f there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The district court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non removing party. All doubts as to the propriety of removal are resolved in favor of remand.

183 F.3d at 493 (internal quotation marks and citation omitted). "The court does not weigh the merits of the claim, rather the determination is whether there is a reasonable

basis for liability under the applicable state law." *Beavers v. DePuy Orthopaedics, Inc.*, 2012 WL 1945603, at *2 (N.D. Oh. 2012).

Under Ohio law, a supervisor or manager may be held jointly and/or severally liable with her employer for her own discriminatory conduct. *Genaro v. Cent. Transport, Inc.*, 84 Ohio St. 3d 293, 296 (1999). Here, Vandersall participated in the decision-making process with respect to plaintiff's request for an accommodation. The complaint does not state who ultimately refused to provide plaintiff with a modified vehicle or who granted her request for a stipend. Vandersall, however, was a participant in the process. At this stage of the litigation, I cannot say with any degree of certainty that McKinney has failed to state a colorable cause of action against Vandersall. *Somerville v. SPS Technologies, LLC*, 2009 WL 936955 (N.D. Ohio April 3, 2009). Neither *Williams v. General Electric Co.*, 269 F.Supp.2d 958, 970 (S.D. Ohio 2003) or *Brown v. Worthington Steel, Inc.*, 211 F.R.D. 320, 327 (S.D. Ohio 2002) compel a contrary conclusion. In *Williams*, plaintiff attempted to plead a claim under Ohio Revised Code § 4112.02 against defendant's president and CEO. The court held that executives are potentially liability, but only if they "played a direct role in making an employment decision." 269 F.Supp.2d at 970. In *Brown*, plaintiff attempted to amend the complaint to state claims against the defendant's founder and its CEO. The court held that the amendment would be futile because there was no evidence they participated in the decision not to promote plaintiff. Here the complaint alleges Vandersall participated in the process of determining what, if any, accommodation to provide McKinney for her disability. She is not a bystander but an

7

active participant in the process. Because removal statutes are strictly interpreted and any doubts are construed against removal, I recommend that plaintiff's motion to remand be granted.

### IV.    Conclusion

For the reasons stated above, the Magistrate Judge RECOMMENDS that plaintiff Theresa McKinney's September 12, 2013 motion to remand (doc. 7) be GRANTED.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

s/Mark R. Abel  
United States Magistrate Judge
